## STATE vs. MARTIN WATSON.

1. HOMICIDE—WHAT CONSTITUTES.

Homicide is the killing of one human being by another, and is of three kinds: justifiable, excusable, and felonious.

2. HOMICIDE—"JUSTIFIABLE HOMICIDE".

"Justifiable homicide" is that committed in the execution of public justice, or for the prevention of any atrocious crime attempted to be committed with force.

3. HOMICIDE—"EXCUSABLE HOMICIDE".

"Excusable homicide" is that committed by misadventure or in self-defense.

4. HOMICIDE—"HOMICIDE BY MISADVENTURE".

"Homicide by misadventure" is the accidental killing of another, where the slayer is doing a lawful act unaccompanied by any criminally careless or reckless conduct.

5. HOMICIDE—"SELF-DEFENSE"—"HOMICIDE IN SELF-DEFENSE".

"Homicide in self-defense" is that committed to avoid immediate suffering, certain to result from waiting for the assistance of the law, and which cannot be otherwise escaped.

6. HOMICIDE—"MALICE".

"Malice" is a condition of the mind or heart, not restricted to malevolence toward a particular person slain, but including that reckless disregard of human life which proceeds from a heart fatally bent on mischief.

7. HOMICIDE—MALICE—PRESUMPTION.

Malice will be presumed where a homicide is committed deliberately or without adequate cause.

8. HOMICIDE—WORDS AND PHRASES—"EXPRESS MALICE AFORETHOUGHT"—"MALICE AFORETHOUGHT".

"Express malice aforethought" is shown where one person kills another with a sedate, deliberate mind and formed design.

9. HOMICIDE—WORDS AND PHRASES—"IMPLIED MALICE".

"Implied malice" is an inference or conclusion of law from an unjustifiable and inexcusable killing done without design or premeditation, but under the influence of a depraved heart, or with a reckless disregard of human life.

10. HOMICIDE—MANSLAUGHTER—MALICE.

A killing in sudden affray, without time for reflection or for the passions to cool, is without malice, and amounts to manslaughter.

11. CRIMINAL LAW—CIRCUMSTANTIAL EVIDENCE—AMOUNT REQUIRED.

Circumstantial evidence, to warrant a conviction, must be not only consistent with the guilt of the defendant, but must exclude any other hypothesis or conclusion.

12. HOMICIDE—BURDEN OF PROOF.

To convict one of homicide, the state must prove beyond a reasonable doubt that the deceased came to his death as alleged in the indictment, that the defendant committed the fatal act, and that such act was unlawful and intentional.

13. CRIMINAL LAW—PRESUMPTION OF INNOCENCE.

One accused of crime is presumed to be innocent, until his guilt is proved beyond a reasonable doubt.

14. CRIMINAL LAW—"REASONABLE DOUBT".

"Reasonable doubt" is a substantial doubt, such as intelligent, reasonable, and impartial men may entertain, after due consideration of all the evidence, and is not a vague, speculative, or mere possible doubt.

(*January* 29, 1912.)

PENNEWILL, C. J., and WOOLLEY and RICE, J. J., sitting.

*Josiah O. Wolcott*, Deputy Attorney General, for the state.

*Samuel H. Baynard, Jr.*, for the prisoner.

At a Court of Oyer and Terminer for New Castle County, beginning January 29, 1912, the prisoner, a young colored man, was placed upon trial charged with murder of the first degree.

The facts appear in the charge of the court.

When the state had rested its case, counsel for the prisoner asked the court to give binding instructions to the jury for the reason that the state has failed to prove that the deceased came to his death as a result of a blow upon his head with a blunt instrument commonly called a running stick, and this being a material part of the indictment must be positively proven as alleged.

PENNEWILL, C. J.:—It occurs to the court that the argument of counsel for the prisoner in support of his motion for binding instructions could more properly be addressed to the jury. We think the evidence, whatever it may be, should be submitted to

Charge.

the jury with instructions from the court.    It is incumbent upon
the state to prove every essential charge against the prisoner.
We decline to give binding instructions to the jury.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—Martin Watson, the prisoner, is
indicted for the crime of murder of the first degree.

It is charged that the prisoner, on the sixteenth day of March,
1911, in a house in the city of Wilmington, at 909 Walnut street,
known as Johnson Flats, feloniously, wilfully, and with express
malice aforethought, made an assault on one George H. Merritt
with a blunt instrument commonly called a "running stick", and
by striking and beating the said Merritt in and upon the head with
said stick, gave unto him certain mortal wounds, bruises and con-
tusions, of which he the said Merritt then and there died.

The prisoner says that on the night of the fifteenth day of
March, 1911, he was struck, or "hit at", by a man standing in the
hall of the house where the crime is alleged to have been committed,
and that he, the prisoner, being so struck at, in self protection
struck with his fist the man who attempted to assault him, but
insists that he did nothing more than that.

The prisoner also claims, in his defense, that if George H.
Merritt died from the blow of the fist inflicted by him, the killing
was not effected by a blunt instrument commonly called a stick,
and that, therefore, the prisoner cannot be convicted of any crime
under the indictment.

The prisoner being indicted for murder of the first degree, it
becomes the duty of the court to state to you, as clearly as we can,
what constitutes that degree of murder, and we feel it our duty
to tell you also what constitutes murder of the second degree, and
manslaughter, because a statute of this state provides that: "A
person indicted for murder may be found guilty of either degree
of murder or of manslaughter."

[1-5]   Homicide is the killing of one human being by another,
and is of three kinds: Justifiable, excusable and felonious.   The
taking of human life is held to be justifiable when done in the
execution of public justice, as where the proper public officer duly

Charge.

executes a criminal under lawful sentence of death; or for the prevention of any atrocious crime attempted to be committed with force, of which examples need not here be given. Excusable homicide is that which is committed either by misadventure or in self-defense. Homicide by misadventure is the accidental killing of another where the slayer is doing a lawful act unaccompanied by any criminally careless or reckless conduct. Homicide in self-defense is where one is assaulted upon a sudden affray, and in defense of his person, where certain and immediate suffering would be the consequence of waiting for the assistance of the law, and there is no other probable means of escape, kills his assailant.

[6, 7] Felonious homicide is of three kinds: Murder of the first degree, murder of the second degree and manslaughter. Malice is an essential ingredient of the crime of murder of both degrees. Without malice there can be no murder either of the first or of the second degree. Malice is a condition of the mind or heart. As here used this term is not restricted to spite or malevolence toward the particular person slain, but also includes that general malignity and reckless disregard of human life which proceed from a heart void of a just sense of social duty and fatally bent on mischief. Whenever the fatal act is done deliberately or without adequate cause, the law presumes that it was done with malice, and the burden is on the prisoner to show from the evidence, or by inference from the circumstances of the case, that the act was not done with malice.

[8] Murder of the first degree is where the killing was done with express malice aforethought, or in perpetrating, or attempting to perpetrate, a crime punishable with death. Express malice aforethought is where one person kills another with a sedate, deliberate mind and formed design, which formed design, or purpose, may be shown from the circumstances attending the act, such as the deliberate selection and use of a deadly weapon, knowing it to be such, stealthily lying in wait, preconcerted plans, or the previous procurement or preparation of instruments, contrivances or other means for slaying the victim.

[9] Murder of the second degree is where the killing was done with implied malice; that is, where the malice is not express, as

in murder of the first degree, but is an inference or conclusion of law from the facts actually proved. It is where there is no deliberate mind or formed design to take life, but where the killing was done without justification or excuse and without provocation, or without sufficient provocation to reduce the offense to manslaughter. For example, where the killing was done without design and premeditation, but under the influence of a wicked and depraved heart, or with a cruel and reckless disregard of human life, the law implies malice and makes the offense murder of the second degree.

Malice is implied by law from every unlawful and cruel act committed by one person against another, for the law considers that he who does an unlawful and cruel act voluntarily, does it maliciously.

[10] Manslaughter is where one person unlawfully kills another without malice. For example, when one in a sudden affray, or fight, in the heat of blood, or in a transport of passion, inflicts the mortal wound without time for reflection or for the passions to cool, that would be manslaughter.

[11] Circumstantial evidence, to warrant a conviction, must be entirely satisfactory, and of such significance, consistency and force, as to produce conviction in the minds of the jury, of the guilt of the accused beyond a reasonable doubt. The great rule on this subject is, that when the evidence is circumstantial the jury must be fully satisfied, not only that the circumstances are consistent with the guilt of the prisoner, but they must also be satisfied that the facts are such as to be inconsistent with any other reasonable conclusion than that the prisoner was the guilty party. They must be such as to exclude any other hypothesis or conclusion.

[12] In order to convict the prisoner of either murder of the first degree, murder of the second degree or of manslaughter, it is incumbent upon the state to prove beyond a reasonable doubt, that the deceased came to his death in the manner alleged in the indictment, that is, from a blow upon the head with a blunt instrument commonly called a running stick, for if his death was caused in any other manner than the manner alleged, no convic-

tion can be had.    And the state must also prove beyond a reason-
able doubt that the prisoner, Martin Watson, is the person who
committed the fatal act alleged in the indictment.    In this con-
nection the question for the jury to determine, is not the general
one,—Who did it? but the specific one,—Did Martin Watson,
the prisoner at the bar, do it?    This is the real and essential
question which the jury must solve by the evidence and answer
by the verdict.

We may further say, that if from the testimony the jury
should be satisfied that the death of George H. Merritt resulted
from injuries received from the prisoner, they must further find
that such injuries were unlawfully and intentionally inflicted before
they can convict of any crime.

Now, if after carefully considering all the evidence in the case
you are satisfied beyond a reasonable doubt that the prisoner
killed George H. Merritt in the manner described in the indict-
ment, and that he did it with express malice aforethought, that is,
with a sedate, deliberate mind and formed design to kill, your
verdict should be guilty in manner and form as he stands indicted
—murder of the first degree.

If you should not be satisfied that the prisoner is guilty of
murder of the first degree, but nevertheless are satisfied beyond a
reasonable doubt that he did kill George H. Merritt in the manner
described in the indictment, but with implied malice, that is, not
with a sedate, deliberate mind and formed design to kill, but with-
out justification or excuse, and without provocation, or without
sufficient provocation to reduce the offense to manslaughter, your
verdict should be guilty of murder of the second degree.

If you should not be satisfied that the prisoner is guilty either
of murder of the first or second degree, but are satisfied beyond a
reasonable doubt that he did, in the manner described in the
indictment, kill George H. Merritt unlawfully, in a sudden affray
or fight, in the heat of blood or in a transport of passion without
time for reflection or for the passions to cool, your verdict should
be guilty of manslaughter.

But, gentlemen, if you are not satisfied beyond a reasonable
doubt that the prisoner is the person who killed George H. Merritt,

Verdict.

or if you believe that he is the person, but are not satisfied that he did the killing unlawfully or in the manner described in the indictment, that is, by striking the deceased on the head with a blunt instrument commonly called a running stick, your verdict should be not guilty.

[13]  In conclusion we say, that in every criminal prosecution the defendant is presumed to be innocent until his guilt is proved to the satisfaction of the jury beyond a reasonable doubt. In order to convict the prisoner, therefore, it is incumbent upon the state to prove beyond such doubt every material element or ingredient of the crime charged.  If after carefully considering and weighing all the evidence, you should entertain a reasonable doubt of the guilt of the prisoner, you should give him the benefit of such doubt, and your verdict should be not guilty.

[14]  Reasonable doubt, however, does not mean a vague, speculative or mere possible doubt, but a substantial doubt— such a doubt as intelligent, reasonable, and impartial men may honestly entertain after a careful examination and conscientious consideration of all the evidence.

Verdict, guilty of manslaughter.